IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS MEJIA,

      Plaintiff,                    No. 2:12-cv-1721 CKD P

    vs.

MATTHEW CATE, et. al,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to jurisdiction by United States Magistrate Judge. (Dkt. No. 4.)

I. <u>Motion to Proceed In Forma Pauperis (Dkt. No. 2)</u>

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Because plaintiff has been without funds for six months and is currently without funds, the court will not assess an initial partial filing fee. 28 U.S.C.

1

§ 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening of Plaintiff's Complaint (Dkt. No. 1)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff alleges that he was denied his constitutional right of access to the courts due to "issues" that arose while he was incarcerated at California State Prison- Corcoran ("CSP-Corcoran") and California Correctional Center ("CCC"). In particular, while plaintiff was at CSP-Corcoran, a portion of his legal work was lost and he was not allowed to access the law library while he was being erroneously housed in administrative segregation. (Dkt. No. 1 at 3.[1]) In addition, at both CSP-Corcoran and CCC, the law libraries lacked Spanish legal books and/or Spanish speaking clerks or librarians to assist plaintiff, who is a Spanish speaking inmate. (Id. at 4.) These issues prevented plaintiff from filing a timely petition for writ of habeas corpus and from making an argument therein for equitable tolling. Accordingly, he filed his petition for writ of habeas corpus one day late and it was rejected as untimely. Plaintiff seeks unspecified injunctive relief and names two defendants: Matt Cate, the Director of California Department of Corrections and Rehabilitation ("CDCR"), and R. Barnea, Warden at CCC.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); see also Bounds v. Smith, 430 U.S. 817, 820-821 (1977); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access is grounded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

The right of access to the courts is limited to direct criminal appeals, habeas corpus petitions, and civil rights actions. Lewis, 518 U.S. at 354. The right at issue is merely the

---

[1] The court references the page numbers assigned by the court's CM/ECF system, where applicable.

1  right to bring to court a grievance the inmate wishes to present; the Supreme Court has
2  specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in
3  court." <u>Lewis</u>, 518 U.S. at 354 (quoting and disclaiming language contained in <u>Bounds v. Smith</u>,
4  430 U.S. 817, 825-26 (1977)); <u>see</u> also <u>CornIdett v. Donovan</u>, 51 F.3d 894, 898 (9th Cir. 1995)
5  (holding that prisoners' right of access to the courts is limited to the pleading stage of a civil
6  rights action or petition for writ of habeas corpus).

7  To establish a violation of the right to access to the courts, a prisoner must allege
8  facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or
9  conditions of confinement has been frustrated or impeded by acts of the defendant(s), and (2) he
10 has suffered an actual injury as a result. <u>Lewis</u>, 518 U.S. at 353–55. An "actual injury" is
11 defined as "actual prejudice with respect to contemplated or existing litigation, such as the
12 inability to meet a filing deadline or to present a claim." <u>Id.</u> at 348; <u>see</u> also <u>Vandelft v. Moses</u>,
13 31 F.3d 794, 796 (9th Cir. 1994); <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989); <u>Keenan</u>
14 <u>v. Hall</u>, 83 F.3d 1083, 1093 (9th Cir. 1996). The underlying cause of action and its lost remedy
15 must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.
16 <u>Christopher</u>, 536 U.S. at 416. Thus, "the complaint should state the underlying claim in
17 accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently
18 pursued, and a like plain statement should describe any remedy available under the access claim
19 and presently unique to it." <u>Id.</u> at 417-18. In addition, where a prisoner asserts a backward-
20 looking claim seeking a remedy for a lost opportunity to present a legal claim, he must identify a
21 remedy that may be awarded as recompense but that is not otherwise available in a future suit.
22 <u>Id.</u> at 415.

23 Here, petitioner has failed to allege facts establishing that the substance of his
24 habeas corpus petition was non-frivolous such that he has suffered an actual injury from the
25 alleged access to courts violation. In addition, while plaintiff has described certain issues he
26 claims impeded his right of access to the courts, he fails to allege a causal link between the

4

named defendants, who are supervisory personnel, and the alleged deprivations. In fact, the complaint makes no specific allegations as to either named defendant. Under these circumstances, the complaint does not contain sufficient "factual matter" to state a claim for relief under the Rule 8 pleading standard. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.[2]

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior

---

[2] It also appears that plaintiff has not properly exhausted administrative remedies prior to initiating this action. Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff states in his complaint that he did not complete the inmate appeals process because there is no available remedy pursuant to an administrative appeal. (Dkt. No. 1 at 2.) However, compliance with the exhaustion requirement is mandatory, even where the relief sought cannot be granted by the administrative process. Booth v. Churner, 532 U.S. 731, 734, 739 (2001). Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in a motion to dismiss under Federal Rule of Civil Procedure 12(b). Jones v. Bock, 549 U.S. 199 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether plaintiff properly exhausted his claims is not an issue presently before this court. However, plaintiff is advised that unexhausted claims are subject to dismissal.

1  and, therefore, when a named defendant holds a supervisory position, the causal link between

2  that person and the claimed constitutional violation must be specifically alleged. See Fayle v.

3  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

4  1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the

5  involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board

6  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8  order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading. This is because, as a

10  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

11  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

12  longer serves any function in the case. Therefore, in a first amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14        In accordance with the above, IT IS HEREBY ORDERED that:

15        1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is

16  granted.

17        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

18  The fee shall be collected and paid in accordance with this court's order to the Director of the

19  California Department of Corrections and Rehabilitation filed concurrently herewith.

20        3. Plaintiff's complaint (Dkt. No. 1) is dismissed.

21        4. Plaintiff is granted 30 days from the date of service of this order to file a first

22  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

23  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

24  docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff

25  must file an original and two copies of the amended complaint; failure to file an amended

26  /////

1 | complaint in accordance with this order will result in a recommendation that this action be
2 | dismissed.

 Dated: December 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
meji1721.14a.new