IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS MEJIA,

     Plaintiff,                    No.  2:12-cv-1721 CKD P

    vs.

MATTHEW CATE, et. al,

     Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1), and plaintiff has consented to jurisdiction by United States Magistrate Judge.

        On December 26, 2012, plaintiff's original complaint against two named defendants, Matt Cate, the Director of California Department of Corrections and Rehabilitation ("CDCR"), and R. Barnea, Warden at CCC, was dismissed for failure to state a claim. In his original complaint, plaintiff alleged that he was denied his constitutional right of access to the courts due to "issues" that arose while he was incarcerated at California State Prison- Corcoran ("CSP-Corcoran") and California Correctional Center ("CCC"); however, the undersigned found that plaintiff had failed to allege facts establishing that he suffered an actual injury from the

1

alleged constitutional violation and failed to allege facts establishing a causal link between the named defendants and the alleged deprivations. Plaintiff was granted leave to file an amended complaint. Plaintiff's first amended complaint filed on February 6, 2013 is before the court.

I. Screening of Plaintiff's First Amended Complaint

The court will again screen plaintiff's complaint and must dismiss any portion thereof that is legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's first amended complaint names J. Keener (acting captain), M. Polous, (segregation officer), and G. Smooth as defendants (Dkt. No. 11 at 2[1]), and alleges as follows. Plaintiff is a Spanish speaking person. (Id. at 3.) On April 1, 2004, he was placed in administrative segregation (Ad-Seg) at CSP-Corcoran as being a suspected participant in a riot. (Id.) On June 26, 2004, it was determined that he had no involvement in the riot, however, the defendants decided to retain him in Ad-Seg regardless of his exoneration. (Id.) This decision deprived plaintiff of access to the law library and ultimately caused him to file his federal habeas corpus petition one day late. (Id.)

On November 1, 2004, plaintiff was transferred to CCC. (Id. at 4.) Neither CSP-Corcoran nor CCC had any notices in Spanish about the relevant limitations period for federal habeas corpus, nor Spanish speaking clerks, nor Spanish legal books. (Id.) Plaintiff contends that the lack of Spanish language legal materials and assistance made it impossible for him to file a timely petition or to make an argument for equitable tolling. (Id.) Plaintiff seeks compensatory and punitive damages and asks that his right to seek federal habeas corpus "be re-instated." (Id.)

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); see also Bounds v. Smith, 430 U.S. 817, 820-821 (1977); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access is grounded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

The right of access to the courts is limited to direct criminal appeals, habeas corpus petitions, and civil rights actions. Lewis, 518 U.S. at 354. The right at issue is merely the right to bring to court a grievance the inmate wishes to present; the Supreme Court has

---

[1] The page numbers referenced herein are those assigned by the court's CM/ECF system.

specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Lewis, 518 U.S. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also CornIdett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (holding that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

To establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded by acts of the defendant(s), and (2) he has suffered an actual injury as a result. Lewis, 518 U.S. at 353–55. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348; see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989); Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir. 1996). The underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant. Christopher, 536 U.S. at 416. Thus, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18. In addition, where a prisoner asserts a backward-looking claim seeking a remedy for a lost opportunity to present a legal claim, he must identify a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 415.

Although plaintiff has changed the named defendants in this action and attempted to allege a causal link with respect to those defendants and the claimed constitutional violation, he has again failed to allege any facts establishing that the substance of his habeas corpus petition was non-frivolous such that he has suffered an actual injury from the alleged access to courts violation. Accordingly, the first amended complaint must be dismissed.

It is also plainly apparent that plaintiff has not properly exhausted administrative remedies prior to initiating this action. Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff states in his complaint that he did not complete the inmate appeals process because there is no available remedy pursuant to an administrative appeal. (Dkt. No. 11 at 2.) However, compliance with the exhaustion requirement is mandatory, even where the relief sought cannot be granted by the administrative process. Booth v. Churner, 532 U.S. 731, 734, 739 (2001). Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in a motion to dismiss under Federal Rule of Civil Procedure 12(b). Jones v. Bock, 549 U.S. 199 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Thus, although the issue of exhaustion is not the current basis for the court's dismissal of plaintiff's first amended complaint, plaintiff is advised that his unexhausted claim would be subject to dismissal on that basis even if found to state a cognizable claim.

In sum, plaintiff has again failed to state a cognizable claim for a constitutional violation of his right to access the courts in regard to the untimely filing of his federal habeas corpus petition. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (Dkt. No. 11) is dismissed; and

2. The clerk is directed to close this case.

Dated: February 20, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
meji1721.14.dismiss